Duke v. Combs et al　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Doc. 2

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 13 2006

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| S. DUKE, a.k.a. DANCINGBUCK, ) <br> Plaintiff, ) | Civil Action No. 7:06-cv-00390 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MAJOR COMBS, et. al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Plaintiff S. Duke, also known as Dancingbuck, a Virginia inmate proceeding pro se, brings this action as a motion for preliminary injunction. In his motion, Dancingbuck alleges that the defendant prison officials placed him in segregated confinement without probable cause or a hearing. Given the constitutional aspect of his claims, the court construed and filed his pleading as a complaint under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. §1343. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Dancingbuck alleges the following sequence of facts from which his claims arise. On May 29, 2006, at about 10:15 a.m., Dancingbuck was watching television and drafting an affidavit for a case he has pending in probate court in Michigan. Officers Head and Maiden came to his door and told him to pack his belongings, as he was moving to another cell. He complied. The officers also cuffed his hands behind him before escorting him to his new cell without his property. There, they strip-searched Dancingbuck. The officers said they had been told to "lock [him] up," but no one seemed to know why. Around 4:00 p.m., Dancingbuck received most of his property, although he still had no bedding. He remained in the new cell with limited property, no clean clothes or shower, until June 2, 2006. On that date, he received a shower and clothes. Still, no one could tell him why

1

Dockets.Justia.com

he had been removed from the general population. He asks the court to hold a hearing at which defendants could explain probable cause and seeks an order enjoining the defendants from such actions in the future.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). While convicted prisoners relinquish many rights upon being incarcerated, the due process clause of the Fourteenth Amendment mandates procedural safeguards before an inmate may be punished by conditions dramatically different than the range of restraint contemplated by his sentence. See Sandin v. Conner, 515 U.S. 472 (1995). Under Sandin, state prison regulations create a protected liberty interest in avoiding a change in status if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In other words, where an inmate receives a change in housing assignment or a loss of privilege that is not unusually harsh compared to normal prison conditions, no protected liberty interest arises and that inmate has no claim for relief under the Due Process Clause or §1983, even if the change occurred without all the state-created procedural protections during a disciplinary hearing. Id. A state official's failure to abide by state procedural laws or regulations does not present a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under §1983.

Plaintiff alleges that conditions in segregation are quite different from those he enjoyed in the general population and that he has lost numerous privileges. However, the United States Court of Appeals for the Fourth Circuit has held that confining segregation inmates for more than six months in conditions much worse than those plaintiff alleges was insufficient to trigger any federal due process right to avoid such conditions. Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997). The Beverati segregation inmates complained of no outside recreation, no clean clothes, less food, and cells infested with vermin and smeared with urine and feces. Id. Dancingbuck merely

2

complains that he went without a shower, clean clothing, or bedding for a few days and cannot possess all of his property in his cell. The court cannot find that the segregation conditions of which plaintiff complains are atypical enough to impose "a significant hardship in relation to the ordinary incidents of prison life." Id. Thus, the court also finds that his allegations do not raise any claim under Sandin that he has been deprived of a federally protected liberty interest without due process. Even assuming that officials did not fully comply with ICC hearing due process requirements under state regulations, such violations of state law are insufficient to give rise to any federal due process claim. Riccio, supra. Plaintiff's due process claims must be dismissed.

Dancingbuck also has no claim under the Eighth Amendment, which protects prisoners from cruel and unusual living conditions. Such a claim requires a showing that the plaintiff has sustained a serious or significant mental or physical injury as a result of the challenged conditions, Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993). The court is satisfied that the conditions of which Dancingbuck complains have not yet caused, and are not likely to cause, serious physical or mental health injury. Accordingly, the court will dismiss any claim under the Eighth Amendment.

Because the court cannot find that Dancingbuck's allegations state any possible claim actionable under § 1983, the court cannot find that plaintiff is entitled to interlocutory injunctive relief. A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). Dancingbuck clearly cannot show any substantial likelihood of success on the merits of his constitutional claims. Moreover, he has not

demonstrated that he will suffer any irreparable harm in the absence of the requested injunctive relief. Accordingly, the court must deny his motion for preliminary injunction and will dismiss the entire action, pursuant to § 1915A, for failure to state any claim. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 13th day of July, 2006.

*[signature]*
Senior United States District Judge